**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

*****************************************
TAYLOR J. BLACK;
MAXWELL LIGHT ROBINS;
DAVID WHITAKER.
Plaintiffs,

C.V. NUMBER:

v.

STREAMIE SECURITY, INC.;
SARAH MARCIA JONES;
MON ETHOS PRO SUPPORT, LLC;
SYMPHONIC SYSTEMS, INC.;
and SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)
Defendants.
*****************************************

JUDGE:

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

1. Plaintiffs Taylor J. Black, Maxwell Light Robins, and David Whitaker, (collectively, "Plaintiffs"), by and through undersigned counsel, bring this civil action against Defendants Streamie Security, Inc., Sarah Marcia Jones, Mon Ethos Pro Support, LLC, Symphonic Systems, Inc., Symphonic, Inc. (U.S. Virgin Islands), (collectively, "Defendants"), and allege as follows:[1]

2. This action arises from Defendants' negligent and/or intentional acts and omissions that resulted in still images derived from residential internet connected camera systems and related access pathways being publicly displayed and made publicly accessible online without

[1] Curtis Jones, the husband of defendant Sarah Marcia Jones and the purported owner of the defendant corporations is currently under protection of the United States Bankruptcy Court. The plaintiffs will be seeking relief from the stay and will move to add him as an indispensable party. Rule 19, Fed.R.Civ.P.

Plaintiffs' consent. The residential internet connected camera systems and related access pathways were remotely accessed by the Defendants, or the images were taken from a drive that was at the Plaintiffs' private home and premises at 20 Allatoona Estates Drive SE, Acworth, Georgia 30102 (the "Residence")

3. Joinder of Plaintiffs is proper under Rule 20 of the Federal Rules of Civil Procedure. Plaintiffs' claims arise out of the same series of events concerning the Residence, the camera system, and the public display and public accessibility of Residence derived images, and because common questions of law and fact will arise in this action.

4. In a Chapter 7 meeting of creditors Curtis A. Jones, owner of the Defendant companies, attested to and stated under oath that he, as representative of the Defendant companies, had control, access, and knowledge of the Residence camera system and the Streamie and Symphonic ecosystem all within the timeframe alleged. (Exhibit A, camera locations) (Exhibit B; the "341 Transcript"[2])

## I. NATURE OF THE ACTION

5. This case involves the installation and continued presence of multiple internet connected cameras and related monitoring equipment located inside and around a private residence, including cameras positioned in bedrooms, a home-office desk area, a guest bedroom, and a home gym. (Exhibit A)

6. Beginning on or about April 16, 2024, Plaintiffs Black, Robins, and Whitaker resided at the Residence as lawful occupants with documented rights to quiet enjoyment under

[2] The transcript referenced herein has been prepared from the audio recording of the §341 meeting conducted via Zoom and made available by the Office of the Trustee. Notice of Chapter 7 Bankruptcy Case and Meeting of Creditors, Case No. 25-20965-jrs (Bankr. N.D. Ga. Oct. 15, 2025), ECF No. 155.

transaction and tenancy instruments tied to the sale of Mon Ethos Pro Support, LLC and related tenancy and occupancy instruments (Exhibit I; Sale and Purchase Agreement, "SPA")

7. After Plaintiffs' lawful occupancy began and after their rights to quiet-enjoyment vested, Defendants' improperly, unlawfully, negligently, and absent any authorization, consent, or acquiescence, continued remote viewing, recording, capture, retention, export, and public display of camera imagery originating from the Residence.

8. On or about September 25-26, 2025, Plaintiffs discovered that still images derived from the Residence camera system were publicly displayed and made publicly accessible online, including in the Streamie application listing materials on Apple's App Store and in Streamie branded social media posts. (Exhibit C)

9. The Defendants owed duties of ordinary care to secure and de-provision surveillance capable systems tied to a private home, to govern credentials and access pathways, to supervise those with access, to request and obtain permission from the Plaintiffs in the event there was planned use, publication, and dissemination of images or imagery captured by the devices, to prevent unauthorized capture and export of images, and to prevent private residence imagery from being publicly displayed without consent. Defendants breached those duties and violated multiple common law and statutory provisions causing the Plaintiffs substantial harm. Additionally, it was foreseeable that any publication or dissemination of the captured images on the internet would be re-broadcast through multiple services that cater to the distribution of services by people or entities, free, or for a fee.

10. Sarah Jones held, claimed, or exercised an ownership interest or other legally cognizable property interest in the Residence during the relevant period, and she executed

transaction addendum(s) acknowledging obligations tied to the tenancy and post-mortgage structure. (Exhibit I)

11. Defendant Sarah Jones breached the terms and conditions of the SPA. Plaintiffs David Whitaker and Taylor Black obtained a default judgment against the Sarah Jones in the Superior Court of Bartow County arising from alleged breach of Residence related contractual obligations.

## II. JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

13. This action includes a claim arising under the laws of the United States for violation of the Stored Communications Act, 18 U.S.C. §§ 2701–2712 and more specifically pursuant to 18 U.S.C. § 2707 for violations of the Stored Communications Act, 18 U.S.C. § 2701.

14. This action includes a claim arising under the laws of the United States for violation of the Federal Wiretap Act (Electronic Communications Privacy Act), 18 U.S.C. §§ 2510–2523 and more specifically pursuant to 18 U.S.C. § 2520 for violations of the Federal Wiretap Act, 18 U.S.C. § 2511.

15. This action includes a claim arising under the laws of the United States for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq. (“CFAA”). The Plaintiffs seek compensatory damages and injunctive relief authorized by 18 U.S.C. § 1030(g).

16. This action includes a claim arising under the laws of the United States for violations classified as Civil Racketeer Influenced and Corrupt Organizations Act (RICO) pursuant to 18 U.S.C. §§ 1962(c), 1964(c).

17. This Court has supplemental jurisdiction under 28 U.S.C. §1367(a) over Plaintiffs' related Georgia common law claims. These claims form part of the same case or controversy and arise from the same nucleus of operative facts concerning the Residence, the camera system, and the public display and public accessibility of Residence derived images.

18. This Court has personal jurisdiction over Streamie Security, Inc. and Symphonic Systems, Inc. Each Defendant is a Georgia corporation and is subject to general personal jurisdiction in Georgia.

19. This Court has personal jurisdiction over Defendant Sarah Marcia Jones. Sarah Marcia Jones resides in Georgia and has held, claimed, or exercised a property interest in the Residence in Georgia and caused, permitted, or failed to prevent the installation and continued presence and unauthorized use and dissemination or images captured of and by surveillance equipment in Georgia.

20. This Court has personal jurisdiction over Defendant Mon Ethos Pro Support, LLC, a U.S. Virgin Islands limited liability company. Mon Ethos Pro Support, LLC purposefully availed itself of State of Georgia through residence-based contracts and obligations, including a long term tenancy structure and worksite arrangement centered on the Residence, and Plaintiffs' claims arise out of and relate to its suit related acts and omissions directed to and occurring in Georgia.

21. This Court has personal jurisdiction over Defendant Symphonic, Inc. (U.S. Virgin Islands). Symphonic, Inc. (U.S. Virgin Islands) is part of an affiliated enterprise that directed suit-related conduct toward the State of Georgia and this District and exercised control or shared control over accounts, records, or publication channels connected to the Streamie ecosystem and Residence derived imagery.

22. Venue is proper in the Northern District under 28 U.S.C. §1391(b)(2). A substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District, including at the Residence in Bartow County, Georgia. The injuries giving rise to damages, compensable and equitable relief, were sustained in this District.

23. Pursuant to Local Rules of the United States District Court for the Northern District of Georgia, Local Rule 3.1, the Rome Division of this Court is the proper venue. The Residence is in Bartow County and Bartow County is where a substantial number of the events and omissions giving rise to Plaintiffs' claims occurred. (N.D. Ga. L.R. 3.1)

## III. PARTIES

24. Plaintiff Taylor J. Black ("Black") is a natural person and citizen of the United States. Black is domiciled in Georgia and resides at the Residence in Bartow County, Georgia.

25. Plaintiff Maxwell Light Robins ("Robins") is a natural person and citizen of the United States. Robins is domiciled in Georgia and resides at the Residence in Bartow County, Georgia.

26. Plaintiff David Whitaker ("Whitaker") is a natural person and citizen of the United States. Whitaker is domiciled in Georgia and resides at the Residence in Bartow County, Georgia.

27. Defendant Streamie Security, Inc. ("Streamie Security") is a Georgia corporation with its principal place of business in Roswell, Georgia, with a registered agent for service of process at Incorp Services, Inc., 9040 Roswell Road, Suite 500, Atlanta, GA 30350.

28. Defendant Symphonic Systems, Inc. ("Symphonic Systems") is a Georgia corporation with its principal place of business in Roswell, Georgia, with a registered agent for service of process at Registered Agents Inc., 8753 Dunwoody Place, Ste R, Atlanta, GA 30350.

29. Defendant Symphonic, Inc. ("Symphonic USVI") is a Virgin Islands corporation with its principal place of business in Roswell, Georgia. Its registered agent for service of process is Mr. Anthony D. Thomas, who may be served at the business address listed as the Virgin Islands Department of State, 5049 Kongens Gade, Charlotte Amalie, St. Thomas, U.S. Virgin Islands 00802. In addition,

30. Defendant Mon Ethos Pro Support, LLC ("MEPS") is a domestic limited liability company organized under the laws of the United States Virgin Islands (entity identifier DC0106429), registered on January 17, 2020. MEPS's resident agent is Namosha Boykin in Charlotte Amalie, United States Virgin Islands. MEPS maintains its principal office or place of business in Charlotte Amalie, United States Virgin Islands.

31. Defendant Sarah Marcia Jones ("Sarah Jones") is an individual whose last known residence is Jasper, Georgia and may be served at her residence, place of business, or wherever she may be found. Sarah Jones is married to Curtis A. Jones and, together with Curtis A. Jones, acted as a principal or manager of MEPS and affiliated Streamie and Symphonic entities during the relevant period.

32. Insofar as there are other people under the control, supervision, or direction of Curtis A. Jones, Sarah Jones, or both, who participated knowingly or unknowingly in the production, publication, or dissemination of specific images and listing assets, the Plaintiffs will ascertain identifying information prior to or during discovery and request leave to amend if proper.

## IV. FACTUAL ALLEGATIONS

### A. Defined Terms and Core References

33. The Residence is located at 20 Allatoona Estates Drive SE, Acworth, Georgia 30102.

34. "SPA" means the Sale and Purchase Agreement dated April 16, 2024, and related schedules, addenda, and tenancy instruments concerning MEPS and the Residence. (Exhibit B)

35. The phrase "camera system" means the networked camera equipment and related monitoring components located in and around the Residence, together with the software, accounts, credentials, devices, storage destinations, and access pathways used to view, capture, record, retain, export, or display camera derived imagery from the Residence. (Exhibit A)

36. The phrase "interior cameras" means cameras placed within the Residence, including cameras positioned above a desk in a home office area, in Plaintiff Robins's bedroom, in a guest bedroom, and in a home gym. (Exhibit A)

37. The phrase "exterior cameras" means cameras placed outside the Residence, including exterior camera locations depicted in the camera placement materials. (Exhibit A)

38. The phrase "Streamie listing materials" means the public facing listing screenshots and related materials for the Streamie application on Apple's App Store, as captured and described in Exhibit C.

39. The phrase "Streamie social posts" means the public facing posts and images tied to Streamie branded accounts, including the account identified as @streamieapp on X.com and Streamie branded content on LinkedIn, as captured and described in Exhibit D and related exhibits to be filed.

40. The phrase "341 Transcript" means the Chapter 7 meeting of creditors sworn testimony excerpt of Curtis A. Jones held on or about November 10, 2025, via Zoom (Exhibit B)

41. Defendant corporations are legal persons under the meaning of all relevant statutes, rules, and regulations, State and Federal, may be sued as individual persons and can be subject to award, judgment, and penalties for tortuous conduct.

**B. Corporate Defendants**

42. The Defendant Mon Ethos Pro Support, LLC is and was the transaction party whose instruments created and confirmed Plaintiffs' long term occupancy rights at the Residence beginning on or about April 16, 2024. MEPS had duties, through its managers, agents, and contracting parties, to avoid interference with Plaintiffs' quiet enjoyment and to ensure that surveillance capable equipment and related access pathways tied to the Residence were removed, disabled, or de-provisioned when Plaintiffs' exclusive occupancy vested. MEPS hired Curtis A. Jones and contracted with Symphonic Systems, Inc. or other affiliated entities for Streamie Security related software and services, including an exclusive license and territory arrangements for the U.S. Virgin Islands, for a stated annual compensation amount of Four Hundred and Forty-Two Thousand ($442,000.00) dollars. MEPS failed to cause the camera system to be removed, disabled, or properly de-provisioned and thereby caused or contributed to the camera system remaining remotely accessible after Plaintiffs took possession.

43. Streamie Security is a Streamie branded entity through which Curtis A. Jones and others developed, marketed, and operated the software platform and service known as "Streamie" and "Streamie Security." The Streamie application and associated services did not provide Plaintiffs notice that the Residence cameras were being accessed, monitored, recorded,

or used to create and publish still images after Plaintiffs' occupancy began, and the application and related publication channels were used to publicly display Residence derived images.

44. Streamie Security is owned or controlled by Curtis A. Jones, Defendant Sarah Marcia Jones, or both, and is used to develop, distribute, market, or operate the Streamie Security and Streamie branded software and related publication channels described in this Complaint. Streamie Security is the alter ego of Curtis A. Jones, Sarah Jones, or both.

45. Streamie Security operated, controlled, maintained, and/or had the practical ability to control Streamie branded publication channels used to publish or make publicly accessible Streamie listing materials and Streamie social posts, including assets and accounts used to publish App Store listing materials and Streamie branded website and social media content.

46. Defendant Symphonic, Inc. (U.S. Virgin Islands) is part of the same affiliated Symphonic and Streamie enterprise and exercised or shared control, directly or through agents, over one or more accounts, credentials, administrative permissions, publication channels, records, or access pathways connected to the Streamie ecosystem and Residence derived imagery. Symphonic USVI had the practical ability to affect the continued configuration, continued access, and or continued publication pathways associated with the camera system and Residence derived images.

47. Symphonic Systems is identified in Apple's App Store listing materials for the Streamie application as the developer and or seller, and Symphonic Systems is responsible for the application's design, functionality, and security protocols, including the credential, authentication, and access features by which users can view, record, capture, export, or publish camera imagery. Symphonic Systems is an alter ego of Curtis A. Jones, Sarah Jones, or both.

48. Symphonic Systems is a party responsible for the Apple App Store account through which the Streamie application is distributed, and Symphonic Systems paid Streamie related expenses and made payments to or for the benefit of Curtis A. Jones, Sarah Jones, Streamie Security, or MEPS in connection with the Streamie and MEPS business arrangements described in this Complaint.

49. Symphonic USVI's principal office or place of business is in Kingshill, United States Virgin Islands. Sarah Jones and Curtis A. Jones are principals of Symphonic USVI, and Symphonic USVI operated as part of the affiliated enterprise described herein. Symphonic USVI is an alter ego of Curtis A. Jones, Sarah Jones, or both.

**C. Plaintiffs' Lawful Occupancy and Residential Privacy Expectations**

50. Prior to the Plaintiffs' lawful occupancy of the Residence, Curtis A. Jones and one or more companies he controlled performed work for MEPS as a contractor (December 2023).

51. Additionally, Curtis A. Jones was employed by MEPS (January 2024).

52. On March 8, 2024, Curtis A. Jones transmitted to Whitaker a letter of intent to purchase MEPS that described Streamie as a software platform and service he developed and owned and proposed a purchase price of Five Million ($5,000,000) Dollars.

53. The Sale and Purchase of MEPS closed on April 16, 2024, with the Jones or their affiliated entities as buyers and included covenants addressing quiet enjoyment and post-closing obligations.

54. By 2025 Defendants were in default under the SPA and related instruments.

55. Beginning on or about April 16, 2024, the date of the closing of the SPA, Plaintiffs Black, Robins, and Whitaker took possession and occupancy of the Residence as their home as provided in the SPA. (Exhibit I)

56. Plaintiffs' occupancy and quiet enjoyment rights are a matter of common and statutory law and were documented through the SPA and related tenancy instruments providing long-term possessory rights, including a fifty (50) year tenancy structure. (Exhibit I)

57. The Defendants knew and expected Plaintiffs would live in and privately occupy the Residence during the relevant period and that the Residence would function as a protected home environment rather than a location subject to unauthorized remote monitoring.

58. The Residence was a private home environment, including interior areas such as bedrooms, gym, bathrooms, and home office areas, and exterior areas such as the driveway, garage approaches, five acres or more of land, and other areas depicted in the Residence derived imagery later discovered in public facing materials. (Exhibit A; C; D)

59. The Residence also functioned as an operational work location for sensitive and confidential communications and work product, including work performed by and for two companies, Phone Data Extraction, LLC and PowellPath Group, LLC from within the Residence. In addition, Defendant was aware that the Plaintiff Whitaker has cooperated and was cooperating with the Federal Bureau of Investigation as a fact witness in more than one criminal investigation and that the Residence was used for related sensitive and confidential communications and work product. More than one of those investigations was ongoing at the time of the recording.

**D. The Residence Camera System and Plaintiffs' Occupancy**

60. Prior to April 2024, Curtis A. Jones and Defendant Sarah Marcia Jones occupied the Residence. During their occupancy, Curtis A. Jones and Sarah Jones, together with others acting at their direction or with their permission, installed or caused to be installed multiple internet connected cameras and related monitoring equipment inside and around the Residence, including interior cameras and exterior cameras. (Exhibits A)

61. The locations of the surveillance equipment include, among other locations, a camera placed above a desk in a home-office, the gym, a utility/server room area, and a camera placed in Robins's bedroom. (Exhibits A)

62. On April 16, 2024, the Plaintiffs took lawful and authorized possession and occupancy of the Residence pursuant to the terms and conditions of the SPA and relevant common and statutory law and provisions. (Exhibit I)

63. One or more Defendants and Curtis A. Jones caused or allowed the camera system to be configured for remote viewing, recording, capture, retention, and export through the Streamie ecosystem, including the Streamie application, Streamie Security, and related account, credential, and authentication features. The camera system's configuration allowed a user with access to view remotely camera feeds and capture, export, or publish still images derived from those feeds.

64. When Curtis A. Jones and Sarah Jones vacated the Residence in or about April 2024, they did not remove the camera system and did not disable or de-provision accounts, credentials, or access pathways associated with the camera system. The Defendants did not notify Plaintiffs that any cameras remained connected or that Curtis A. Jones, Sarah Jones, or others acting for them retained the ability to view, monitor, record, capture, or export imagery from the Residence after Plaintiffs' lawful occupancy vested. Curtis A. Jones, Sarah Jones, and or affiliated entities retained credentials, passwords, and administrative access associated with the camera system and the Streamie ecosystem.

65. Plaintiffs did not authorize, agree to, or consent to Defendants continued remote viewing, monitoring, recording, capture, retention, export, or public display of camera imagery originating from the Residence, including imagery from interior cameras and exterior cameras.

66. After April 16, 2024, the camera system remained capable of remote access and remote manipulation because it was not removed, disabled, or properly de-provisioned, because credentials and access pathways remained active, and because Defendants did not implement reasonable credential control, access governance, and account security measures commensurate with a private-home environment.

67. After Plaintiffs discovered the public accessibility of Residence derived images, Plaintiffs removed multiple cameras and incurred the cost of installing a new system.

**E. Transcript Admissions / Sworn Statements** (Exhibit B, et seq.)[3]

68. In sworn testimony during the §341 meeting Curtis A. Jones testified regarding the existence and operation of cameras at the Residence and recording practices.

69. Jones testified that Streamie does video security software and that the software does capture footage from cameras.

70. Jones testified that cameras at the Residence captured footage for many years.

71. Jones testified that recording was stored on the computer recording the footage, identified as an Apple Mac mini, and that the recording computer was removed from the Residence in 2024.

72. Jones testified that there were less than half a dozen interior cameras and more than ten exterior cameras at the Residence, and that most exterior cameras were operational.

73. Jones testified that after Whitaker, Robins, and Black moved into the Residence, he remotely captured footage from the exterior cameras for a period he described as continuous for months.

---

[3] The Chapter 7 creditors meeting transcript has been included. The Chapter 11 creditors meeting has not been included in the interests of reducing the size of this pleading.

74. Jones testified that he did not have footage at the time of the 341 meeting and that footage was overwritten automatically like a loop, which he estimated to be days or weeks in duration.

75. Jones further testified that Symphonic USVI never actually did any business, and that it was opened after he purchased MEPS because doing business as MEPS was not working due to MEPS's history. He opened the new company to try to get around that.

76. Jones further testified that within roughly 30 days of the §341 meeting he spoke with someone who appeared to be from an insurance company about a potential claim related to camera security at the Residence.

**F. Public Display and Public Accessibility of Residence Derived Images from Security Camera Footage**

77. On or about September 25-26, 2025, Plaintiffs discovered that still images derived from the Residence camera system were publicly displayed and made publicly accessible online, including in the Streamie application listing materials on Apple's App Store, and in Streamie branded online posts and profiles, including Streamie branded content on X.com and LinkedIn. (Exhibit C; Exhibit E)

78. The Streamie public listing materials include images depicting the interior and exterior of the Residence after Plaintiffs took possession, including images depicting Robins, Plaintiffs' vehicles, the gym, a utility server room, and the interior of the home garage. (Exhibits C-1; C-2; C-8; C-10; C-12)

79. Exhibit C includes images highlighting the basement gym, the backyard and pool, and two angles of the West Yard.

80. The Streamie social posts include Residence derived images posted on dates including May 30, 2025; June 4, 2025; and November 15, 2025. (Exhibit E)

81. Exhibit D is a screen capture of analytics associated with @streamieapp reflecting that on Sunday, August 3, 2025, the Streamie app store page received approximately 158,000 views or impressions. (Exhibit F)

82. Plaintiffs did not authorize, agree to, or consent to the intentional and/or negligent capture, use, and/or public display of any Residence derived images.

83. While Residence derived images were publicly accessible through the Streamie Listing Materials and Streamie Social Posts, unknown third parties could have viewed, copied, retained, or redistributed those images. The identities of any such third parties and the full scope of public access will be determined through discovery and third-party records.

84. The Streamie listing materials identify Symphonic Systems as the developer or seller for the Streamie application. According to Streamie social posts and analytics tied to Streamie branded channels, Streamie Security and Symphonic Systems operated, controlled, maintained, and/or had the practical ability to control administrator permissions and publication pathways for Streamie branded listing and social media assets. This included App Store Connect or other App store listing administration systems and Streamie branded social media accounts. The identities of the specific individuals who uploaded, approved, or maintained images and listing assets, and the relevant administrator accounts, permissions, upload metadata, and audit logs, are within Defendants' possession and will be confirmed in discovery.

**G. Notice and Preservation**

85. On September 25, 2025, Plaintiff Taylor J. Black sent an email to attorney John Christy concerning Plaintiffs' discovery of Residence derived imagery being publicly displayed and made publicly accessible online. In that email, Black asserted that "Your client has accessed our network and private video cameras and viewed live and recorded feeds from inside and

outside our residence," and further asserted that the client "has used images and clips from those feeds to promote his app, Streamie (including images of Maxwell Robins)."

86. In the same message, Black asserted that Plaintiffs had not granted permission for any such access or publication, stating: "At no time did we grant him permission to access the cameras to spy on our home and especially without authorization and […] by publishing any images or footage [...]." Black also asserted that Christy's client, Curtis Jones, had "no authorization to access any camera at our residence, to retain any recordings or screenshots, or to publish or display them in any forum, including the Apple App Store."

87. Black demanded immediate cessation and takedown, writing: "Cease all access and remove any content derived from our cameras immediately. Please confirm in writing that you have complied."

88. Later that evening, Christy responded in writing and, as reflected in the email header, copied multiple third parties on his response, including other attorneys and at least one recipient using a United States Department of Justice email domain (@usdoj.gov). Christy's response did not confirm cessation, removal, or compliance. Instead, Christy issued a categorical denial and threatened defamation liability, stating: **"Just so you know, there's no confusion that is absolutely untrue,"** and **"If you continue to do disseminate this mis information it is defamation and you will be held responsible."** (Exhibit G)[4]

89. Black replied to Christy challenging the denial and pointing to a publicly verifiable and checkable source, writing: "How is this untrue? Go to the Apple app store and look? It is absolutely true."

---

[4] This statement and the statement alleged verbatim in paragraph 86 infra by attorney Christy constitute a violation of the Georgia Code of Professional Responsibility, Rule 3.1, 4.1, 4.4, and 8.4, GRPC, and may constitute violations of Georgia state law.

90. The same email thread reflects an additional message from attorney Brad Fallon. Attorney Brad Fallon is one of the creditor attorneys for Plaintiff David Whitaker in the personal Chapter 7 bankruptcy of Curtis A. Jones. Fallon stated: **"I just grabbed this screenshot on the Apple App Store,"** and transmitted an attachment described in the email as a screenshot taken on September 25, 2025. (Exhibit G)

91. After Black referenced the Apple App Store and after Fallon stated he had obtained an App Store screenshot, Christy replied with personal disparagement rather than confirming any remedial action, writing:

> "**Because you flatter yourself to think that we are following you or care about your information**," and "**I could care less about you**." (Exhibit G)

92. These comments, prior conduct, and attorney Christy's attempt to issue a judicial edict to instruct and prohibit undersigned counsel's examination of Curtis Jones at the §341 meeting, were reckless, improper, disrespectful, offensive, and violative of the spirit and rules that regulate the professional and acceptable conduct of attorneys practicing in the State of Georgia and nationwide.

93. On or about September 27, 2025, Plaintiffs served a <u>Litigation Hold and Preservation Notice</u> directed to Defendants and identified agents and third parties, including Defendants' registered agents and Symphonic USVI's resident agent, and legal process contacts for Apple Inc. and X Corp.

94. Preservation was particularly important because, as described in sworn testimony of Curtis Jones, the camera system destroyed recorded footage on a loop and could continue destroying absent prompt preservation measures.

**G. Insurance Claim and Claim-Handling Communications Identified in Plaintiffs' Materials**

95. On October 10, 2025, a notice of claim, demand for coverage, and preservation request was sent to Hartford Financial Services Group, Hartford Underwriters Insurance Company (Claim No. GL00212539118), insurer of MEPS and Curtis Jones as principle. A demand for Fifteen Million ($15,000.00) Dollars was submitted on November 12, 2025. A supplemental demand submission was made on November 19, 2025. A denial of coverage was issued on January 8, 2026. (Exhibit H)

96. On October 22, 2025, a notice of claim, demand for coverage, and preservation request was sent 5 to Theodore Tunick and Company (Claim No. MIL70922423), additional insurer of MEPS. A demand for Fifteen Million ($15,000.00) Dollars was submitted on December 10, 2025. (Exhibit H) Despite the persistent efforts of undersigned counsel, Theodore Tunick and Company have neither denied nor supported the claim.

97. A notice of claim against the Defendant Streamie Security and or affiliated Symphonic entities, demand for coverage, and preservation request was submitted on or about October 20, 2025, through Verify or Thimble, which was thereafter referred to Sedgwick Claims Management Services (Claim No. 4A2510MPFTY-000). A demand for Fifteen Million ($15,000.00) Dollars was submitted on or about November 5, 2025. (Exhibit H) Despite the persistent efforts of undersigned counsel, Sedgwick Claims Management Services have neither denied nor supported the claim.

98. In sworn testimony, Jones stated that within approximately 30 days of the November 10, 2025, §341 meeting he spoke with someone from an insurance company about a claim related to camera security at the Residence. (Exhibit B)

### H. Evidence Custody and Discovery-Controlled Facts

99. Jones's sworn testimony identifies an Apple Mac mini as the computer that recorded footage through the cameras at the Residence. He testified that the Apple Mac mini was removed from the Residence in 2024.

100. Evidence establishes the use of local recording and storage architecture associated with the Residence camera system, including the use of a Synology NAS to collect and store surveillance footage. (Exhibit F)

101. Evidence includes text message screenshots relating to the Apple Mac mini and NAS and discussion of storage requirements.

102. Evidence in the same text message screenshot establishes that the Apple Mac Mini and NAS were removed from the Residence on December 20, 2024, which was two hundred forty-eight (248) days after the Plaintiffs took possession and occupancy. One or more Defendants directed an unknown party to pick up the Apple Mac Mini and NAS and to set up and operate the recording and storage equipment at some off-site location.

103. The volume/quantity of image capture during the 248-day period is massive. There are 86,400 seconds in a day, yielding approximately 21,427,200 seconds over 248 days. At a recording rate of thirty (30) frames per second, a single camera operating continuously would generate approximately 642,816,000 discrete image frames during that period. If twelve cameras were operating under the same conditions, the system would be capable of generating approximately 7,713,792,000 individual image frames. This demonstrates the magnitude and scale of potential image capture made possible by the camera system’s configuration and duration of operation. The actual number of frames recorded, retained, overwritten, accessed,

exported, or disseminated is uniquely within Defendants' possession, custody, or control and will be established through discovery, forensic examination, and documentary evidence.

104. The publicly posted image below further corroborates Defendants continued remote access to and active use of the Residence camera system. The presence of Plaintiffs' robotic pool cleaner, which was purchased and placed in the pool only after Plaintiffs moved into the Residence, establishes that the image was captured during Plaintiffs' occupancy. The displayed timestamp of "2000-01-01" is facially inaccurate and inconsistent with any legitimate real-time capture, indicating manipulation, misconfiguration, or intentional alteration of timestamp metadata. The surrounding interface visible in the same post shows numerous sequential image tiles labeled by time, demonstrating that the system was capturing images repeatedly across extended periods, including during nighttime hours. The Defendants maintained continuous remote viewing and ongoing image capture from the Residence cameras until the recording computer and NAS storage devices were removed in December 2024. The precise configuration, access credentials, metadata logs, and scope of images captured are

matters within Defendants' exclusive possession and will be demanded through discovery.




Screenshot from Streamie-branded X.com account (@streamieapp), dated May 29, 2024.

105. The existence and current location of recording hardware, any storage media, any NAS devices, and any associated accounts, credentials, access logs, and publication records are within Defendants' possession, custody, or control and will be confirmed and demanded in discovery.

## I. Plaintiff Specific Harms

106. Plaintiff Black performed work from within the Residence, including sensitive and confidential communications. The SPA includes provisions relating to Black, including an obligation to maintain Black's employment for at least 365 days after signing at an annual salary of Sixty-Five Thousand ($65,000.00) Dollars and to retain him as an Intake Officer, with remote work contemplated at Black's election. (Exhibit I)

107. Plaintiff Robins has documented severe mental illness reflected in medical records, including diagnoses described as schizophrenia or schizoaffective disorder, bipolar type, with chronic psychosis and limited insight. Clinical records describe that fears of being watched by cameras in the home environment contributed to destabilization and that later confirmation of camera operation intensified his psychosis and resulted in hospitalization and need for higher levels of care.[5] (These statements have been authorized by Mr. Robins)

108. Plaintiff Whitaker used the Residence as his home and as a place for sensitive communications, including privileged communications with undersigned counsel and communications with government representatives. A camera was positioned directly above a desk or work area used for such communications. (Exhibit A-1; A-2)

109. Plaintiff Whitaker's family members visited and stayed in rooms equipped with interior cameras, including a guest bedroom and were undoubtedly capture by remote operation of the cameras. (Exhibit A-3)

110. Plaintiff Black suffered bodily injury amid the crisis created by the discovery of surveillance and its effects on the household. During an in-home psychiatric crisis involving

[5] Medical records are in the Plaintiffs' possession but have not been included in this pleading in consideration of privacy interests.

Plaintiff Robins, Plaintiff Black attempted to create distance by running through the Residence, felt a snap in his left knee, and fell, sustaining a serious injury.

111. Plaintiff Black required emergency care, including an emergency department visit on October 27, 2025. Diagnostic imaging including a MRI confirmed patellar tendon rupture and related knee damage. Mr. Black underwent orthopedic consultation and surgical repair.

112. Plaintiff Black underwent patellar tendon repair surgery on November 13, 2025, followed by immobilization, physical therapy, and a multi-month recovery with ongoing limitations and a documented risk of permanent strength loss.

113. On January 30, 2026, Black underwent an additional surgery to the same knee for additional repair and remediation.

114. Plaintiff Robins was evaluated in the emergency department on or about October 25, 2025, with altered mental status and psychosis and was transferred to Ridgeview Institute Monroe. Inpatient psychiatric hospitalization began on or about October 26, 2025, and was prolonged (over seventy (70) days).

115. During the hospitalization reports indicate the unauthorized recordings by the Defendants significantly contributed to the need for hospitalization for Robins.

116. Phone Data Extraction and PowellPath operated from the Residence and required a secure environment for confidential communications. The continued capability for remote access and public accessibility of Residence derived imagery required mitigation and assessment.

## V. CLAIMS FOR RELIEF

### A. NEGLIGENCE Counts – 3 Plaintiffs, 5 Defendants -15 individual Claims for Relief

### Facts Common to All Counts of Negligence

117. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

118. The Defendants MEPS, Jones, Streamie, and both Symphonics Defendants (The Defendants) and Curtis Jones maintained control and supervision over the cameras and associated equipment as alleged in this Complaint.

119. The Defendants and Curtis Jones owed Taylor Black, Maxwell Light Robins, and David Whitaker (The Plaintiffs) duties of ordinary care under Georgia law, including duties to exercise reasonable care in connection with surveillance capable equipment and related access pathways tied to a private residence, to remove or disable interior cameras in private living areas when lawful occupancy and quiet-enjoyment rights vested, to de-provision credentials and accounts, to restrict and audit remote access, to prevent unauthorized capture and export of images, and to prevent private-residence imagery from being publicly displayed without consent.

120. The Defendants and Curtis Jones also owed the Plaintiffs duties to act reasonably in supervising the custody and control of identified recording and storage hardware and to preserve relevant evidence once litigation was reasonably anticipated, particularly in light of the camera system's destruction loop design described in sworn testimony.

121. The Defendants and Curtis Jones breached their duties owed the Plaintiffs by acts and omissions that include, without limitation: (a) causing, permitting, or failing to prevent interior cameras from remaining installed and remotely accessible in bedrooms and a home-office desk area after Plaintiffs' lawful occupancy vested; (b) failing to remove, disable, or de-

provision the camera system and associated access credentials; (c) failing to implement reasonable access governance, supervision, and review controls for persons with access to camera feeds, exports, and publication channels; (d) allowing Residence derived images to be exported and publicly displayed; and (e) failing to remove or cause the removal of Residence derived images from public-facing channels after notice and preservation demands.

**TAYLOR BLACK**

**COUNT 1**
**NEGLIGENCE (GEORGIA LAW)**

**TAYLOR BLACK V. STREAMIE SECURITY, INC.**

122. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

123. STREAMIE SECURITY, INC.'s breach were a direct and proximate cause of Taylor Black ' injuries and damage, including injury to his knee and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

124. WHEREFORE, Taylor Black demands joint and several judgments against STREAMIE SECURITY, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 2**
**NEGLIGENCE (GEORGIA LAW)**

**TAYLOR BLACK V. SARAH MARCIA JONES**

125. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

126. SARAH MARCIA JONES's acts and omissions were a direct and proximate cause of Taylor Black's injuries and damage, including injury to his knee and damage, and including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

127. WHEREFORE, Taylor Black demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 3**
**NEGLIGENCE (GEORGIA LAW)**

**TAYLOR BLACK V. MON ETHOS PRO SUPPORT, LLC**

128. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

129. MON ETHOS PRO SUPPORT, LLC's breach were a direct and proximate cause of Taylor Black's injuries and damage, including injury to his knee and damage, and including emotional distress and loss of peace of mind from intrusion into private residential areas, medical

injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

130. WHEREFORE, Taylor Black demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 4**
**NEGLIGENCE (GEORGIA LAW)**

**TAYLOR BLACK V. SYMPHONIC SYSTEMS, INC.**

131. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

132. SYMPHONIC SYSTEMS, INC.'s breach were a direct and proximate cause of Taylor Black's injuries and damage, including injury to his knee and damage, and including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

133. WHEREFORE, Taylor Black demands joint and several judgments against SYMPHONIC SYSTEMS, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 5**
**NEGLIGENCE (GEORGIA LAW)**

**TAYLOR BLACK V. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

134. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

135. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)'s breach were a direct and proximate cause of Taylor Black's injuries and damage, including injury to his knee and damage, and including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

136. WHEREFORE, Taylor Black demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

137. All other relief deemed fair and just.

**MAXWELL LIGHT ROBINS**

**COUNT 6**
**NEGLIGENCE (GEORGIA LAW)**

**MAXWELL LIGHT ROBINS V. STREAMIE SECURITY, INC.**

138. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

139. STREAMIE SECURITY, INC.'s breach were a direct and proximate cause of Maxwell Light Robins' injuries, including his mental and physical health and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical

injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

140. WHEREFORE, Maxwell Light Robins demands joint and several judgments against STREAMIE SECURITY, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 7**
**NEGLIGENCE (GEORGIA LAW)**

**MAXWELL LIGHT ROBINS V. SARAH MARCIA JONES**

141. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

142. SARAH MARCIA JONES's acts and omissions were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

143. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 8**
**NEGLIGENCE (GEORGIA LAW)**

**MAXWELL LIGHT ROBINS V. MON ETHOS PRO SUPPORT, LLC**

144. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

145. MON ETHOS PRO SUPPORT, LLC's breach were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

146. WHEREFORE, Maxwell Light Robins demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 9**
**NEGLIGENCE (GEORGIA LAW)**

**MAXWELL LIGHT ROBINS V. SYMPHONIC SYSTEMS, INC.**

147. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

148. SYMPHONIC SYSTEMS, INC.'s breach were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses,

psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

149. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SYMPHONIC SYSTEMS, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 10**
**NEGLIGENCE (GEORGIA LAW)**

**MAXWELL LIGHT ROBINS V. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

150. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

151. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)'s breaches were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

152. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**DAVID WHITAKER**

**COUNT 11**
**NEGLIGENCE (GEORGIA LAW)**

**DAVID WHITAKER V. STREAMIE SECURITY, INC.**

153. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

154. STREAMIE SECURITY, INC.'s breach were a direct and proximate cause of David Whitaker's injuries, including his mental and physical health, and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

155. WHEREFORE, David Whitaker demands joint and several judgments against STREAMIE SECURITY, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 12**
**NEGLIGENCE (GEORGIA LAW)**

**DAVID WHITAKER V. SARAH MARCIA JONES**

156. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

157. SARAH MARCIA JONES's breach were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from

intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

158. WHEREFORE, David Whitaker demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 13**
**NEGLIGENCE (GEORGIA LAW)**

**DAVID WHITAKER V. MON ETHOS PRO SUPPORT, LLC**

159. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

160. MON ETHOS PRO SUPPORT, LLC's breaches were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

161. WHEREFORE, David Whitaker demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 14**
**NEGLIGENCE (GEORGIA LAW)**

**DAVID WHITAKER V. SYMPHONIC SYSTEMS, INC.**

162. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

163. SYMPHONIC SYSTEMS, INC.'s breach were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

164. WHEREFORE, David Whitaker demands joint and several judgments against SYMPHONIC SYSTEMS, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 15**
**NEGLIGENCE (GEORGIA LAW)**

**DAVID WHITAKER V. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

165. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

166. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)'s breach were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

167. WHEREFORE, David Whitaker demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**B. INTRUSION UPON SECLUSION Counts** – 3 Plaintiffs, 5 Defendants. 15 individual Claims for Relief

**Facts Common to All Intrusion Upon Seclusion Counts**

168. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

169. Taylor Black, Maxwell Light Robins and David Whitaker (The Plaintiffs) had a reasonable expectation of privacy in the interior areas of the Residence, including bedrooms and a home-office desk area used for private living activities and confidential communications.

170. The Defendant corporations Streamie Security, MEPS, and the two Symphonic defendants, (the Defendants) and/or through its agents, negligently, intentionally or knowingly, and without the Plaintiffs' consent, intruded upon Plaintiffs' seclusion by maintaining interior cameras and related remote-access pathways capable of viewing and capturing activity inside the Residence after Plaintiffs' lawful occupancy vested, including by remotely accessing camera feeds and capturing or exporting images.

171. The Defendant Sarah Marcia Jones, (and Curtis Jones) individually and/or through her agents, negligently, intentionally or knowingly, and without Taylor Black's consent, intruded upon Taylor Black's seclusion by maintaining interior cameras and related remote-access pathways capable of viewing and capturing activity inside the Residence after Taylor Black's

lawful occupancy vested, including by remotely accessing camera feeds and capturing or exporting images.

172. The intrusion was highly offensive to a reasonable person because it involved a private home environment, including a bedroom camera location, and involved camera derived images later made publicly accessible.

**TAYLOR BLACK**

**COUNT 16**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**TAYLOR BLACK v. STREAMIE SECURITY**

173. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

174. The Defendants' actions and conduct were a direct and proximate cause of the Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

175. WHEREFORE, Taylor Black demands joint and several judgments against the Defendants including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 17**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**TAYLOR BLACK v. SARAH MARCIA JONES**

176. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

177. The Defendant SARAH MARCIA JONES's actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

178. WHEREFORE, Taylor Black demands joint and several judgments against SARAH MARCIA JONES including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 18**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**TAYLOR BLACK v. MON ETHOS PRO SUPPORT, LLC**

179. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

180. The Defendant MON ETHOS PRO SUPPORT, LLC's actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and

medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

181. WHEREFORE, Taylor Black demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 19**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**TAYLOR BLACK v. SYMPHONIC SYSTEMS, INC.**

182. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

183. The Defendant SYMPHONIC SYSTEMS, INC.'s actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

184. WHEREFORE, Taylor Black demands joint and several judgments against SYMPHONIC SYSTEMS, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 20**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**TAYLOR BLACK v. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

185. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

186. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)'s actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

187. WHEREFORE, Taylor Black demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS), including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**MAXWELL LIGHT ROBINS**

**COUNT 21**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. STREAMIE SECURITY**

188. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

189. The Defendant STREAMIE SECURITY's actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and

medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

190. WHEREFORE, Maxwell Light Robins demands joint and several judgments against STREAMIE SECURITY including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 22**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. SARAH MARCIA JONES**

191. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

192. The Defendant SARAH MARCIA JONES's actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

193. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SARAH MARCIA JONES including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 23**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. MON ETHOS PRO SUPPORT, LLC**

194. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

195. Defendant MON ETHOS PRO SUPPORT, LLC's actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

196. WHEREFORE, Maxwell Light Robins demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 24**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. SYMPHONIC SYSTEMS, INC.**

197. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

198. The Defendant SYMPHONIC SYSTEMS, INC.'s actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury

and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

199. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SYMPHONIC SYSTEMS, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 25**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

200. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

201. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)'s actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

202. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS), including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**DAVID WHITAKER**

**COUNT 26**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. STREAMIE SECURITY**

203. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

204. The Defendant STREAMIE SECURITY's actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

205. WHEREFORE, David Whitaker demands joint and several judgments against STREAMIE SECURITY including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 27**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. SARAH MARCIA JONES**

206. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

207. The Defendant SARAH MARCIA JONES's actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical

expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

208. WHEREFORE, David Whitaker demands joint and several judgments against SARAH MARCIA JONES including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 28**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. MON ETHOS PRO SUPPORT, LLC**

209. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

210. The Defendant MON ETHOS PRO SUPPORT, LLC's actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

211. WHEREFORE, David Whitaker demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 29**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. SYMPHONIC SYSTEMS, INC.**

212. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

213. The Defendant SYMPHONIC SYSTEMS, INC.'s actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

214. WHEREFORE, David Whitaker demands joint and several judgments against SYMPHONIC SYSTEMS, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 30**
**INTRUSION UPON SECLUSION (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

215. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

216. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)'s actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical

injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

217. WHEREFORE, David Whitaker demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS), including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**C. PUBLIC DISCLOSURE OF PRIVATE FACTS Counts –** 3 Plaintiffs. 5 Defendants. 15 Counts

**TAYLOR BLACK**

**COUNT 31**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**

**TAYLOR BLACK v. STREAMIE SECURITY, INC.**

218. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

219. The Defendant STREAMIE SECURITY, INC. and/or through its agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials and Streamie Social Posts that depict Taylor Black, Taylor Black's personal property, and the interior and exterior of the Residence during Taylor Black's occupancy.

220. The images and associated context disclosed private facts concerning Taylor Black, his presence in the home, and the home environment.

221. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

222. The Defendant STREAMIE SECURITY, INC.'s actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

223. WHEREFORE, Taylor Black demands joint and several judgments against STREAMIE SECURITY, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 32**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**

**TAYLOR BLACK v. SARAH MARCIA JONES**

224. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

225. The Defendant SARAH MARCIA JONES, individually and/or through her agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials and Streamie Social Posts that depict Taylor Black, Taylor Black's personal property, and the interior and exterior of the Residence during Taylor Black's occupancy.

226. The images and associated context disclosed private facts concerning Taylor Black, his presence in the home, and the home environment.

227. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

228. The Defendant SARAH MARCIA JONES's actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

229. WHEREFORE, Taylor Black demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 33**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**

**TAYLOR BLACK v. MON ETHOS PRO SUPPORT, LLC**

230. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

231. The Defendant MON ETHOS PRO SUPPORT, LLC, and/or through its agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials and Streamie Social Posts that depict Taylor Black, Taylor Black's personal property, and the interior and exterior of the Residence during Taylor Black's occupancy.

232. The images and associated context disclosed private facts concerning Taylor Black, his presence in the home, and the home environment.

233. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

234. The Defendant MON ETHOS PRO SUPPORT, LLC's actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

235. WHEREFORE, Taylor Black demands joint and several judgments against MON ETHOS PRO SUPPORT LLC, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 34**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**

**TAYLOR BLACK v. SYMPHONIC SYSTEMS, INC.**

236. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

237. The Defendant SYMPHONIC SYSTEMS, INC., and/or through its agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials and Streamie Social Posts that depict Taylor Black, Taylor Black's personal property, and the interior and exterior of the Residence during Taylor Black's occupancy.

238. The images and associated context disclosed private facts concerning Taylor Black, his presence in the home, and the home environment.

239. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

240. The Defendant SYMPHONIC SYSTEMS, INC.'s actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

241. WHEREFORE, Taylor Black demands joint and several judgments against SYMPHONIC SYSTEMS, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 35**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**
**TAYLOR BLACK v. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

242. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

243. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS), and/or through its agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials and Streamie Social Posts that depict Taylor Black, Taylor Black's personal property, and the interior and exterior of the Residence during Taylor Black's occupancy.

244. The images and associated context disclosed private facts concerning Taylor Black, his presence in the home, and the home environment.

245. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

246. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)'s actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

247. WHEREFORE, Taylor Black demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS), including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**MAXWELL LIGHT ROBINS**

**COUNT 36**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. STREAMIE SECURITY, INC.**

248. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

249. The Defendant STREAMIE SECURITY, INC. and/or through its agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials and Streamie Social Posts that depict Maxwell Light Robins, Maxwell Light Robins' personal property, and the interior and exterior of the Residence during Maxwell Light Robins' occupancy.

250. The images and associated context disclosed private facts concerning Maxwell Light Robins, his presence in the home, and the home environment.

251. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

252. The Defendant STREAMIE SECURITY, INC.'s actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

253. WHEREFORE, Maxwell Light Robins demands joint and several judgments against STREAMIE SECURITY, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 37**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. SARAH MARCIA JONES**

254. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

255. The Defendant SARAH MARCIA JONES, individually and/or through her agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials and Streamie Social Posts that depict Maxwell Light Robins, Maxwell Light Robins' personal property, and the interior and exterior of the Residence during Maxwell Light Robins' occupancy.

256. The images and associated context disclosed private facts concerning Maxwell Light Robins, his presence in the home, and the home environment.

257. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

258. The Defendant SARAH MARCIA JONES's actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

259. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 38**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. MON ETHOS PRO SUPPORT, LLC**

260. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

261. The Defendant MON ETHOS PRO SUPPORT, LLC, and/or through its agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials and Streamie Social Posts that depict Maxwell Light Robins, Maxwell Light Robins' personal

property, and the interior and exterior of the Residence during Maxwell Light Robins' occupancy.

262. The images and associated context disclosed private facts concerning Maxwell Light Robins, his presence in the home, and the home environment.

263. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

264. The Defendant MON ETHOS PRO SUPPORT, LLC's actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

265. WHEREFORE, Maxwell Light Robins demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 39**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. SYMPHONIC SYSTEMS, INC.**

266. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

267. The Defendant SYMPHONIC SYSTEMS, INC., and/or through its agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials and Streamie Social

Posts that depict Maxwell Light Robins, Maxwell Light Robins' personal property, and the interior and exterior of the Residence during Maxwell Light Robins' occupancy.

268. The images and associated context disclosed private facts concerning Maxwell Light Robins, his presence in the home, and the home environment.

269. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

270. The Defendant SYMPHONIC SYSTEMS, INC.'s actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

271. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SYMPHONIC SYSTEMS, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 40**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

272. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

273. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS), and/or through its agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials

and Streamie Social Posts that depict Maxwell Light Robins, Maxwell Light Robins' personal property, and the interior and exterior of the Residence during Maxwell Light Robins' occupancy.

274. The images and associated context disclosed private facts concerning Maxwell Light Robins, his presence in the home, and the home environment.

275. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

276. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)'s actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, psychiatric injury and prolonged inpatient treatment, and business disruption and mitigation costs.

277. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS), including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**DAVID WHITAKER**

**COUNT 41**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. STREAMIE SECURITY, INC.**

278. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

279. The Defendant STREAMIE SECURITY, INC., and/or through its agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials and Streamie Social Posts that depict David Whitaker, David Whitaker's personal property, and the interior and exterior of the Residence during David Whitaker's occupancy.

280. The images and associated context disclosed private facts concerning David Whitaker, his presence in the home, and the home environment.

281. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

282. The Defendant STREAMIE SECURITY, INC.'s actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, medical injury and medical expenses, business disruption and mitigation costs.

283. WHEREFORE, David Whitaker demands joint and several judgments against STREAMIE SECURITY, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 42**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. SARAH MARCIA JONES**

284. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

285. The Defendant SARAH MARCIA JONES, individually and/or through her agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials and Streamie Social Posts that depict David Whitaker, David Whitaker's personal property, and the interior and exterior of the Residence during David Whitaker's occupancy.

286. The images and associated context disclosed private facts concerning David Whitaker, his presence in the home, and the home environment.

287. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

288. The Defendant SARAH MARCIA JONES's actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, medical injury and medical expenses, business disruption and mitigation costs.

289. WHEREFORE, David Whitaker demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 43**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. MON ETHOS PRO SUPPORT, LLC**

290. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

291. The Defendant MON ETHOS PRO SUPPORT, LLC, and/or through its agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials and Streamie Social Posts that depict David Whitaker, David Whitaker's personal property, and the interior and exterior of the Residence during David Whitaker's occupancy.

292. The images and associated context disclosed private facts concerning David Whitaker, his presence in the home, and the home environment.

293. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

294. The Defendant MON ETHOS PRO SUPPORT, LLC's actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, medical injury and medical expenses, business disruption and mitigation costs.

295. WHEREFORE, David Whitaker demands joint and several judgments against MON ETHOS PRO SUPPORT LLC, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 44**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. SYMPHONIC SYSTEMS, INC.**

296. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

297. The Defendant SYMPHONIC SYSTEMS, INC., and/or through its agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials and Streamie Social Posts that depict David Whitaker, David Whitaker's personal property, and the interior and exterior of the Residence during David Whitaker's occupancy.

298. The images and associated context disclosed private facts concerning David Whitaker, his presence in the home, and the home environment.

299. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

300. The Defendant SYMPHONIC SYSTEMS, INC.'s actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

301. WHEREFORE, David Whitaker demands joint and several judgments against SYMPHONIC SYSTEMS, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 45**
**PUBLIC DISCLOSURE OF PRIVATE FACTS (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

302. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

303. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS), and/or through its agents, publicly disclosed private facts by publishing, posting, or causing to be published and posted still images described as derived from the Camera system in Streamie Listing Materials and Streamie Social Posts that depict David Whitaker, David Whitaker's personal property, and the interior and exterior of the Residence during David Whitaker's occupancy.

304. The images and associated context disclosed private facts concerning David Whitaker, his presence in the home, and the home environment.

305. The disclosed facts were not of legitimate public concern and would be highly offensive to a reasonable person.

306. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)'s actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

307. WHEREFORE, David Whitaker demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS), including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**D. APPROPRIATION OF NAME OR LIKENESS Counts –** 3 Plaintiffs. 5 Defendants. 15 Counts

**TAYLOR BLACK**

**COUNT 46**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**TAYLOR BLACK v. STREAMIE SECURITY, INC.**

308. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

309. The Defendant STREAMIE SECURITY, INC. used and displayed Residence-derived images depicting Taylor Black and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without Taylor Black's authorization or consent.

310. The Defendant STREAMIE SECURITY, INC.'s use appropriated Taylor Black's likenesses and Taylor Black's association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

311. The Defendant STREAMIE SECURITY, INC.'s actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

312. WHEREFORE, Taylor Black demands joint and several judgments against STREAMIE SECURITY, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 47**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**TAYLOR BLACK v. SARAH MARCIA JONES**

313. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

314. The Defendant SARAH MARCIA JONES used and displayed Residence-derived images depicting Taylor Black and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without Taylor Black’s authorization or consent.

315. The Defendant SARAH MARCIA JONES’ use appropriated Taylor Black’s likenesses and Taylor Black’s association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

316. The Defendant SARAH MARCIA JONES actions and conduct were a direct and proximate cause of Taylor Black’s injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

317. WHEREFORE, Taylor Black demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 48**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**TAYLOR BLACK v. MON ETHOS PRO SUPPORT, LLC**

318. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

319. The Defendant MON ETHOS PRO SUPPORT, LLC used and displayed Residence-derived images depicting Taylor Black and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without Taylor Black's authorization or consent.

320. The Defendant MON ETHOS PRO SUPPORT, LLC's use appropriated Taylor Black's likenesses and Taylor Black's association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

321. The Defendant MON ETHOS PRO SUPPORT, LLC actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

322. WHEREFORE, Taylor Black demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 49**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**TAYLOR BLACK v. SYMPHONIC SYSTEMS, INC.**

323. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

324. The Defendant SYMPHONIC SYSTEMS, INC. used and displayed Residence-derived images depicting Taylor Black and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without Taylor Black's authorization or consent.

325. The Defendant SYMPHONIC SYSTEMS, INC.'s use appropriated Taylor Black's likenesses and Taylor Black's association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

326. The Defendant SYMPHONIC SYSTEMS, INC. actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

327. WHEREFORE, Taylor Black demands joint and several judgments against SYMPHONIC SYSTEMS, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 50**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**TAYLOR BLACK v. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

328. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

329. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) used and displayed Residence-derived images depicting Taylor Black and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without Taylor Black's authorization or consent.

330. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)'s use appropriated Taylor Black's likenesses and Taylor Black's association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

331. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

332. WHEREFORE, Taylor Black demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS), including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**MAXWELL LIGHT ROBINS**

**COUNT 51**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. STREAMIE SECURITY, INC.**

333. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

334. The Defendant STREAMIE SECURITY, INC. used and displayed Residence-derived images depicting Maxwell Light Robins and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without Maxwell Light Robins' authorization or consent.

335. The Defendant STREAMIE SECURITY, INC.'s use appropriated Maxwell Light Robins' likenesses and Maxwell Light Robins' association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

336. The Defendant STREAMIE SECURITY, INC.'s actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

337. WHEREFORE, Maxwell Light Robins demands joint and several judgments against STREAMIE SECURITY, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 52**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. SARAH MARCIA JONES**

338. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

339. The Defendant SARAH MARCIA JONES used and displayed Residence-derived images depicting Maxwell Light Robins and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without Maxwell Light Robins' authorization or consent.

340. The Defendant SARAH MARCIA JONES' use appropriated Maxwell Light Robins' likenesses and Maxwell Light Robins' association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

341. The Defendant SARAH MARCIA JONES actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

342. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 53**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. MON ETHOS PRO SUPPORT, LLC**

343. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

344. The Defendant MON ETHOS PRO SUPPORT, LLC used and displayed Residence-derived images depicting Maxwell Light Robins and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without Maxwell Light Robins' authorization or consent.

345. The Defendant MON ETHOS PRO SUPPORT, LLC's use appropriated Maxwell Light Robins' likenesses and Maxwell Light Robins' association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

346. The Defendant MON ETHOS PRO SUPPORT, LLC actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

347. WHEREFORE, Maxwell Light Robins demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 54**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. SYMPHONIC SYSTEMS, INC.**

348. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

349. The Defendant SYMPHONIC SYSTEMS, INC. used and displayed Residence-derived images depicting Maxwell Light Robins and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without Maxwell Light Robins' authorization or consent.

350. The Defendant SYMPHONIC SYSTEMS, INC.'s use appropriated Maxwell Light Robins' likenesses and Maxwell Light Robins' association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

351. The Defendant SYMPHONIC SYSTEMS, INC. actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

352. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SYMPHONIC SYSTEMS, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 55**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**MAXWELL LIGHT ROBINS v. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

353. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

354. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) used and displayed Residence-derived images depicting Maxwell Light Robins and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without Maxwell Light Robins' authorization or consent.

355. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)'s use appropriated Maxwell Light Robins' likenesses and Maxwell Light Robins' association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

356. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

357. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS), including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**DAVID WHITAKER**

**COUNT 56**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. STREAMIE SECURITY, INC.**

358. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

359. The Defendant STREAMIE SECURITY, INC. used and displayed Residence-derived images depicting David Whitaker and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without David Whitaker's authorization or consent.

360. The Defendant STREAMIE SECURITY, INC.'s use appropriated David Whitaker's likenesses and David Whitaker's association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

361. The Defendant STREAMIE SECURITY, INC.'s actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

362. WHEREFORE, David Whitaker demands joint and several judgments against STREAMIE SECURITY, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 57**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. SARAH MARCIA JONES**

363. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

364. The Defendant SARAH MARCIA JONES used and displayed Residence-derived images depicting David Whitaker and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without David Whitaker's authorization or consent.

365. The Defendant SARAH MARCIA JONES' use appropriated David Whitaker's likenesses and David Whitaker's association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

366. The Defendant SARAH MARCIA JONES actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

367. WHEREFORE, David Whitaker demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 58**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. MON ETHOS PRO SUPPORT, LLC**

368. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

369. The Defendant MON ETHOS PRO SUPPORT, LLC used and displayed Residence-derived images depicting David Whitaker and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without David Whitaker's authorization or consent.

370. The Defendant MON ETHOS PRO SUPPORT, LLC's use appropriated David Whitaker's likenesses and David Whitaker's association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

371. The Defendant MON ETHOS PRO SUPPORT, LLC actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

372. WHEREFORE, David Whitaker demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 59**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. SYMPHONIC SYSTEMS, INC.**

373. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

374. The Defendant SYMPHONIC SYSTEMS, INC. used and displayed Residence-derived images depicting David Whitaker and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without David Whitaker's authorization or consent.

375. The Defendant SYMPHONIC SYSTEMS, INC.'s use appropriated David Whitaker's likenesses and David Whitaker's association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

376. The Defendant SYMPHONIC SYSTEMS, INC. actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

377. WHEREFORE, David Whitaker demands joint and several judgments against SYMPHONIC SYSTEMS, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 60**
**APPROPRIATION OF NAME OR LIKENESS (GEORGIA COMMON LAW)**

**DAVID WHITAKER v. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

378. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

379. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) used and displayed Residence-derived images depicting David Whitaker and the Residence as illustrative or demonstration images associated with the Streamie application listing and related Streamie-branded posts, without David Whitaker's authorization or consent.

380. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)'s use appropriated David Whitaker's likenesses and David Whitaker's association with the Residence for Defendants' benefit, including to support or enhance the Streamie application's public presentation.

381. The Defendant SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

382. WHEREFORE, David Whitaker demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS), including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**E. BREACH OF CONTRACT AND BREACH OF COVENANT OF QUIET ENJOYMENT -** 3 Plaintiffs. 2 Defendants. 6 Counts

**TAYLOR BLACK**

**COUNT 61**
**BREACH OF CONTRACT AND BREACH OF COVENANT OF QUIET ENJOYMENT (GEORGIA LAW)**

**TAYLOR BLACK V. SARAH MARCIA JONES**

383. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

384. The SPA and related tenancy and occupancy instruments provided Taylor Black long-term possessory rights, including rights to reside at the Residence and to quiet enjoyment free from interference, and imposed obligations on the transaction parties, including obligations tied to the Residence.

385. SARAH MARCIA JONES (and Curtis Jones) executed or acknowledged transaction addendum(s) requiring her to be bound to the extent of her interest in the Residence and to execute necessary documents to effectuate the tenancy and post-mortgage structure.

386. SARAH MARCIA JONES (and Curtis Jones) breached her/their contractual obligations and the covenant of quiet enjoyment by causing, permitting, or failing to prevent the continued presence and operation of surveillance equipment and remote access pathways in the Residence after Taylor Black's lawful occupancy vested, and by failing to ensure removal, disablement, and de-provisioning of interior cameras in private living areas and exterior cameras.

387. SARAH MARCIA JONES (and Curtis Jones) actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

388. WHEREFORE, Taylor Black demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 62**
**BREACH OF CONTRACT AND BREACH OF COVENANT OF QUIET ENJOYMENT (GEORGIA LAW)**

**TAYLOR BLACK V. MON ETHOS PRO SUPPORT, INC.**

389. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

390. The SPA and related tenancy and occupancy instruments provided Taylor Black long-term possessory rights, including rights to reside at the Residence and to quiet enjoyment free from interference, and imposed obligations on the transaction parties, including obligations tied to the Residence.

391. MON ETHOS PRO SUPPORT, INC. (MEPS) executed or acknowledged transaction addendum(s) requiring it to be bound to the extent of its interest in the Residence through Sarah Marcia Jones (and Curtis Jones) and to execute necessary documents to effectuate the tenancy and post-mortgage structure.

392. SARAH MARCIA JONES (and Curtis Jones) breached her/their contractual obligations and the covenant of quiet enjoyment by causing, permitting, or failing to prevent the continued presence and operation of surveillance equipment and remote access pathways in the Residence after Taylor Black's lawful occupancy vested, and by failing to ensure removal, disablement, and de-provisioning of interior cameras in private living areas and exterior cameras.

393. SARAH MARCIA JONES (and Curtis Jones) actions and conduct were a direct and proximate cause of Taylor Black's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

394. WHEREFORE, Taylor Black demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

## MAXWELL LIGHT ROBINS

## COUNT 63
## BREACH OF CONTRACT AND BREACH OF COVENANT OF QUIET ENJOYMENT (GEORGIA LAW)

### MAXWELL LIGHT ROBINS V. SARAH MARCIA JONES

395. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

396. The SPA and related tenancy and occupancy instruments provided Maxwell Light Robins long-term possessory rights, including rights to reside at the Residence and to quiet enjoyment free from interference, and imposed obligations on the transaction parties, including obligations tied to the Residence.

397. SARAH MARCIA JONES (and Curtis Jones) executed or acknowledged transaction addendum(s) requiring her to be bound to the extent of her interest in the Residence and to execute necessary documents to effectuate the tenancy and post-mortgage structure.

398. SARAH MARCIA JONES (and Curtis Jones) breached her/their contractual obligations and the covenant of quiet enjoyment by causing, permitting, or failing to prevent the continued presence and operation of surveillance equipment and remote access pathways in the Residence after Maxwell Light Robins' lawful occupancy vested, and by failing to ensure removal, disablement, and de-provisioning of interior cameras in private living areas and exterior cameras.

399. SARAH MARCIA JONES (and Curtis Jones) actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

400. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 64**
**BREACH OF CONTRACT AND BREACH OF COVENANT OF QUIET ENJOYMENT (GEORGIA LAW)**

**TAYLOR BLACK V. MON ETHOS PRO SUPPORT, INC.**

401. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

402. The SPA and related tenancy and occupancy instruments provided Maxwell Light Robins long-term possessory rights, including rights to reside at the Residence and to quiet

enjoyment free from interference, and imposed obligations on the transaction parties, including obligations tied to the Residence.

403. MON ETHOS PRO SUPPORT, INC. (MEPS) executed or acknowledged transaction addendum(s) requiring it to be bound to the extent of its interest in the Residence through Sarah Marcia Jones (and Curtis Jones) and to execute necessary documents to effectuate the tenancy and post-mortgage structure.

404. SARAH MARCIA JONES (and Curtis Jones) breached her/their contractual obligations and the covenant of quiet enjoyment by causing, permitting, or failing to prevent the continued presence and operation of surveillance equipment and remote access pathways in the Residence after Maxwell Light Robins' lawful occupancy vested, and by failing to ensure removal, disablement, and de-provisioning of interior cameras in private living areas and exterior cameras.

405. SARAH MARCIA JONES (and Curtis Jones) actions and conduct were a direct and proximate cause of Maxwell Light Robins' injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

406. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**DAVID WHITAKER**

**COUNT 65**
**BREACH OF CONTRACT AND BREACH OF COVENANT OF QUIET ENJOYMENT (GEORGIA LAW)**

**DAVID WHITAKER V. SARAH MARCIA JONES**

407. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

408. The SPA and related tenancy and occupancy instruments provided David Whitaker long-term possessory rights, including rights to reside at the Residence and to quiet enjoyment free from interference, and imposed obligations on the transaction parties, including obligations tied to the Residence.

409. SARAH MARCIA JONES (and Curtis Jones) executed or acknowledged transaction addendum(s) requiring her to be bound to the extent of her interest in the Residence and to execute necessary documents to effectuate the tenancy and post-mortgage structure.

410. SARAH MARCIA JONES (and Curtis Jones) breached her/their contractual obligations and the covenant of quiet enjoyment by causing, permitting, or failing to prevent the continued presence and operation of surveillance equipment and remote access pathways in the Residence after David Whitaker's lawful occupancy vested, and by failing to ensure removal, disablement, and de-provisioning of interior cameras in private living areas and exterior cameras.

411. SARAH MARCIA JONES (and Curtis Jones) actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

412. WHEREFORE, David Whitaker demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**COUNT 66**
**BREACH OF CONTRACT AND BREACH OF COVENANT OF QUIET ENJOYMENT (GEORGIA LAW)**

**DAVID WHITAKER V. MON ETHOS PRO SUPPORT, INC.**

413. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

414. The SPA and related tenancy and occupancy instruments provided David Whitaker long-term possessory rights, including rights to reside at the Residence and to quiet enjoyment free from interference, and imposed obligations on the transaction parties, including obligations tied to the Residence.

415. MON ETHOS PRO SUPPORT, INC. (MEPS) executed or acknowledged transaction addendum(s) requiring it to be bound to the extent of its interest in the Residence through Sarah Marcia Jones (and Curtis Jones) and to execute necessary documents to effectuate the tenancy and post-mortgage structure.

416. SARAH MARCIA JONES (and Curtis Jones) breached her/their contractual obligations and the covenant of quiet enjoyment by causing, permitting, or failing to prevent the continued presence and operation of surveillance equipment and remote access pathways in the Residence after David Whitaker's lawful occupancy vested, and by failing to ensure removal, disablement, and de-provisioning of interior cameras in private living areas and exterior cameras.

417. SARAH MARCIA JONES (and Curtis Jones) actions and conduct were a direct and proximate cause of David Whitaker's injuries and damage, including emotional distress and loss of peace of mind from intrusion into private residential areas, medical injury and medical expenses, business disruption and mitigation costs.

418. WHEREFORE, David Whitaker demands joint and several judgments against SARAH MARCIA JONES, including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**F. FEDERAL WIRETAP ACT (Electronic Communications Privacy Act)**
**18 U.S.C. §§ 2510–2523** – 3 Plaintiffs. 5 Defendants. 15 Counts

**<u>Facts Common to Alll Counts of Violation of 18 U.S.C. §§ 2510–2523</u>**

415. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

416. After Taylor Black, Maxwell Light Robins and David Whitaker's (the Plaintiffs) lawful occupancy vested, Streamie Security, Sarah Marcia Jones, Mon Ethos Pro Support, and both Symphonic defendants (the Defendants) knowingly and intentionally caused the camera system to remain active, remotely accessible, and capable of real-time monitoring, without removing, disabling, or properly de-provisioning the cameras, accounts, credentials, or access pathways.

417. After April 16, 2024, and without Plaintiffs' knowledge or consent, Defendants intentionally intercepted, endeavored to intercept, and procured others to intercept visual electronic communications transmitted from the interior and exterior cameras at the Residence,

including contemporaneous video feeds depicting Plaintiffs, Plaintiffs' activities, and private areas of the home.

418. The interceptions occurred contemporaneously with the transmission of the camera feeds and were accomplished through the Streamie platform and associated accounts, credentials, and administrative access retained and controlled by Defendants.

419. Plaintiffs did not authorize, agree to, or consent to the interception, monitoring, recording, or capture of electronic communications originating from the Residence after their lawful occupancy began.

420. Defendants knew or had reason to know that Plaintiffs were residing in the Residence as their private home and that the interception of interior and exterior camera feeds constituted unauthorized surveillance of private living spaces.

421. Defendants further used and disclosed the contents of intercepted electronic communications by extracting still images and footage derived from the intercepted camera feeds and publishing them publicly, including in application store listing materials, marketing content, and social media posts used to promote Defendants' commercial surveillance services.

422. Defendants' conduct was intentional, knowing, and undertaken for commercial advantage and private gain.

**TAYLOR BLACK**

**COUNT 67**
**VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.**

**TAYLOR BLACK V. STREAMIE SECURITY, INC.**

423. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

424. By intentionally intercepting electronic communications without consent, STREAMIE SECURITY, INC. violated 18 U.S.C. § 2511(1)(a).

425. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, STREAMIE SECURITY, INC. violated 18 U.S.C. § 2511(1)(c) and (d).

426. As a direct and proximate result of STREAMIE SECURITY, INC. violations, Taylor Black suffered damages, including invasion of privacy, loss of confidentiality, emotional distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

427. WHEREFORE, Taylor Black demands joint and several judgments against STREAMIE SECURITY, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 68**
**VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.**

**TAYLOR BLACK V. SARAH MARCIA JONES**

428. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

429. By intentionally intercepting electronic communications without consent, SARAH MARCIA JONES violated 18 U.S.C. § 2511(1)(a).

430. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, SARAH MARCIA JONES violated 18 U.S.C. § 2511(1)(c) and (d).

431. As a direct and proximate result of SARAH MARCIA JONES violations, Taylor Black suffered damages, including invasion of privacy, loss of confidentiality, emotional distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

432. WHEREFORE, Taylor Black demands joint and several judgments against SARAH MARCIA JONES including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 69**
**VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.**

**TAYLOR BLACK V. MON ETHOS PRO SUPPORT, LLC**

433. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

434. By intentionally intercepting electronic communications without consent, MON ETHOS PRO SUPPORT, LLC violated 18 U.S.C. § 2511(1)(a).

435. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, MON ETHOS PRO SUPPORT, LLC violated 18 U.S.C. § 2511(1)(c) and (d).

436. As a direct and proximate result of MON ETHOS PRO SUPPORT, LLC violations, Taylor Black suffered damages, including invasion of privacy, loss of confidentiality, emotional distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

437. WHEREFORE, Taylor Black demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 70**
**VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.**

**TAYLOR BLACK V. SYMPHONIC SYSTEMS, INC.**

438. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

439. By intentionally intercepting electronic communications without consent, SYMPHONIC SYSTEMS, INC. violated 18 U.S.C. § 2511(1)(a).

440. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, SYMPHONIC SYSTEMS, INC. violated 18 U.S.C. § 2511(1)(c) and (d).

441. As a direct and proximate result of SYMPHONIC SYSTEMS, INC. violations, Taylor Black suffered damages, including invasion of privacy, loss of confidentiality, emotional

distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

442. WHEREFORE, Taylor Black demands joint and several judgments against SYMPHONIC SYSTEMS, INC. including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 71**
**VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.**

**TAYLOR BLACK V. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

443. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

444. By intentionally intercepting electronic communications without consent, SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) violated 18 U.S.C. § 2511(1)(a).

445. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) violated 18 U.S.C. § 2511(1)(c) and (d).

446. As a direct and proximate result of SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) violations, Taylor Black suffered damages, including invasion of privacy, loss of confidentiality, emotional distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

447. WHEREFORE, Taylor Black demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

## DAVID WHITAKER

## COUNT 72
## VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.

### DAVID WHITAKER V. STREAMIE SECURITY, INC.

448. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

449. By intentionally intercepting electronic communications without consent, STREAMIE SECURITY, INC. violated 18 U.S.C. § 2511(1)(a).

450. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, STREAMIE SECURITY, INC. violated 18 U.S.C. § 2511(1)(c) and (d).

451. As a direct and proximate result of STREAMIE SECURITY, INC. violations, David Whitaker suffered damages, including invasion of privacy, loss of confidentiality, emotional distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

452. WHEREFORE, David Whitaker demands joint and several judgments against STREAMIE SECURITY, INC., including economic and non-economic damages, punitive

damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, David Whitaker is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 73**
**VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.**

**DAVID WHITAKER V. SARAH MARCIA JONES**

453. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

454. By intentionally intercepting electronic communications without consent, SARAH MARCIA JONES violated 18 U.S.C. § 2511(1)(a).

455. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, SARAH MARCIA JONES violated 18 U.S.C. § 2511(1)(c) and (d).

456. As a direct and proximate result of SARAH MARCIA JONES violations, David Whitaker suffered damages, including invasion of privacy, loss of confidentiality, emotional distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

457. WHEREFORE, David Whitaker demands joint and several judgments against SARAH MARCIA JONES including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, David Whitaker is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 74**
**VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.**

**DAVID WHITAKER V. MON ETHOS PRO SUPPORT, LLC**

458. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

459. By intentionally intercepting electronic communications without consent, MON ETHOS PRO SUPPORT, LLC violated 18 U.S.C. § 2511(1)(a).

460. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, MON ETHOS PRO SUPPORT, LLC violated 18 U.S.C. § 2511(1)(c) and (d).

461. As a direct and proximate result of MON ETHOS PRO SUPPORT, LLC violations, David Whitaker suffered damages, including invasion of privacy, loss of confidentiality, emotional distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

462. WHEREFORE, David Whuitaker demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, David Whitaker is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 75**
**VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.**

**DAVID WHITAKER V. SYMPHONIC SYSTEMS, INC.**

463. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

464. By intentionally intercepting electronic communications without consent, SYMPHONIC SYSTEMS, INC. violated 18 U.S.C. § 2511(1)(a).

465. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, SYMPHONIC SYSTEMS, INC. violated 18 U.S.C. § 2511(1)(c) and (d).

466. As a direct and proximate result of SYMPHONIC SYSTEMS, INC. violations, David Whitaker suffered damages, including invasion of privacy, loss of confidentiality, emotional distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

467. WHEREFORE, David Whitaker demands joint and several judgments against SYMPHONIC SYSTEMS, INC. including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, David Whitaker is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 76**
**VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.**

**DAVID WHITAKER V. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

468. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

469. By intentionally intercepting electronic communications without consent, SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) violated 18 U.S.C. § 2511(1)(a).

470. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) violated 18 U.S.C. § 2511(1)(c) and (d).

471. As a direct and proximate result of SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) violations, David Whitaker suffered damages, including invasion of privacy, loss of confidentiality, emotional distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

472. WHEREFORE, David Whitaker demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, David Whitaker is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

## MAXWELL LIGHT ROBINS

## COUNT 77
## VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.

## MAXWELL LIGHT ROBINS V. STREAMIE SECURITY, INC.

473. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

474. By intentionally intercepting electronic communications without consent, STREAMIE SECURITY, INC. violated 18 U.S.C. § 2511(1)(a).

475. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, STREAMIE SECURITY, INC. violated 18 U.S.C. § 2511(1)(c) and (d).

476. As a direct and proximate result of STREAMIE SECURITY, INC. violations, Maxwell Light Robins suffered damages, including invasion of privacy, loss of confidentiality, emotional distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

477. WHEREFORE, Maxwell Light Robins demands joint and several judgments against STREAMIE SECURITY, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Maxwell Light Robins is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 78**
**VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.**

**MAXWELL LIGHT ROBINS V. SARAH MARCIA JONES**

478. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

479. By intentionally intercepting electronic communications without consent, SARAH MARCIA JONES violated 18 U.S.C. § 2511(1)(a).

480. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, SARAH MARCIA JONES violated 18 U.S.C. § 2511(1)(c) and (d).

481. As a direct and proximate result of SARAH MARCIA JONES violations, Maxwell Light Robins suffered damages, including invasion of privacy, loss of confidentiality, emotional distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

482. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SARAH MARCIA JONES including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Maxwell Light Robins is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 79**
**VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.**

**MAXWELL LIGHT ROBINS V. MON ETHOS PRO SUPPORT, LLC**

483. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

484. By intentionally intercepting electronic communications without consent, MON ETHOS PRO SUPPORT, LLC violated 18 U.S.C. § 2511(1)(a).

485. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, MON ETHOS PRO SUPPORT, LLC violated 18 U.S.C. § 2511(1)(c) and (d).

486. As a direct and proximate result of MON ETHOS PRO SUPPORT, LLC violations, Maxwell Light Robins suffered damages, including invasion of privacy, loss of confidentiality, emotional distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

487. WHEREFORE, Maxwell Light Robins demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Maxwell Light Robins is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 80**
**VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.**

**MAXWELL LIGHT ROBINS V. SYMPHONIC SYSTEMS, INC.**

488. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

489. By intentionally intercepting electronic communications without consent, SYMPHONIC SYSTEMS, INC. violated 18 U.S.C. § 2511(1)(a).

490. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, SYMPHONIC SYSTEMS, INC. violated 18 U.S.C. § 2511(1)(c) and (d).

491. As a direct and proximate result of SYMPHONIC SYSTEMS, INC. violations, Maxwell Light Robins suffered damages, including invasion of privacy, loss of confidentiality, emotional distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

492. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SYMPHONIC SYSTEMS, INC. including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Maxwell Light Robins is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 81**
**VIOLATION OF 18 U.S.C. §§ 2510–2523 ET SEQ.**

**MAXWELL LIGHT ROBINS V. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

493. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

494. By intentionally intercepting electronic communications without consent, SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) violated 18 U.S.C. § 2511(1)(a).

495. By intentionally using and disclosing the contents of unlawfully intercepted electronic communications, SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) violated 18 U.S.C. § 2511(1)(c) and (d).

496. As a direct and proximate result of SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) violations, Maxwell Light Robins suffered damages, including invasion of privacy, loss of confidentiality, emotional distress, costs incurred to investigate and remediate the surveillance, and other injuries cognizable under 18 U.S.C. § 2520.

497. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Maxwell Light Robins is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**G. STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712**– 3 Plaintiffs. 5 Defendants. 15 Counts

**Facts Common to All Count of Violation of 18 U.S.C. §§ 2701–2712**

498. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

499. At all relevant times, the Residence camera system stored electronic communications, including recorded video footage, still images, metadata, and related data, on a local server and through the Streamie software platform.

500. Taylor Black, Maxwell Lighth Robins, and David Whitaker (the Plaintiffs) lawful possession and occupancy of the Residence began on April 16, 2024 Any authorization previously held by the five Defendants (and Curtis Jones) to access stored communications associated with the Residence terminated by operation of law and circumstance.

501. After Plaintiffs took possession, the five Defendants (and Curtis Jones) intentionally accessed, and caused others to access, stored electronic communications without authorization and in excess of any permitted access, including stored camera footage and images originating from the Residence.

502. The five Defendants' (and Curtis Jones) access included retrieving, copying, exporting, retaining, and reviewing stored images and recordings from the camera system after Plaintiffs' exclusive occupancy vested.

503. The five Defendants' (and Curtis Jones) further exceeded authorization by using stored communications for purposes wholly unrelated to any legitimate security or maintenance function, including commercial promotion and public marketing of surveillance services.

504. The Plaintiffs did not authorize, consent to, or have knowledge of the five Defendants' (and Curtis Jones) access to stored communications after April 16, 2024.

505. The five Defendants' (and Curtis Jones) unauthorized access was intentional and knowing and was not incidental, inadvertent, or otherwise permitted under any exception to the Stored Communications Act.

506. The five Defendants' (and Curtis Jones) intentionally accessed a facility through which an electronic communication service was provided and thereby obtained access to electronic communications while in electronic storage, in violation of 18 U.S.C. § 2701(a).

**TAYLOR BLACK**

**COUNT 82**
**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712**

**TAYLOR BLACK V. STREAMIE SECURITY, INC.**

507. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

508. As a direct and proximate result of STREAMIE SECURITY, INC. violations, Taylor Black suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

509. Taylor Black is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

510. WHEREFORE, Taylor Black demands joint and several judgments against STREAMIE SECURITY, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available

under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 83**
**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712**

**TAYLOR BLACK V. SARAH MARCIA JONES**

511. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

512. As a direct and proximate result of SARAH MARCIA JONES' violations, Taylor Black suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

513. Taylor Black is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

514. WHEREFORE, Taylor Black demands joint and several judgments against SARAH MARCIA JONES including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 84**
**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712**

**TAYLOR BLACK V. MON ETHOS PRO SUPPORT, LLC**

515. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

516. As a direct and proximate result of MON ETHOS PRO SUPPORT, LLC's violations, Taylor Black suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

517. Taylor Black is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

518. WHEREFORE, Taylor Black demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 85**
**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712**

**TAYLOR BLACK V. SYMPHONIC SYSTEMS, INC.**

519. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

520. As a direct and proximate result of SYMPHONIC SYSTEMS, INC. violations, Taylor Black suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

521. Taylor Black is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

522. WHEREFORE, Taylor Black demands joint and several judgments against SYMPHONIC SYSTEMS, INC. including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 86**
**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712**

**TAYLOR BLACK V. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

523. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

524. As a direct and proximate result of SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) violations, Taylor Black suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

525. Taylor Black is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

526. WHEREFORE, Taylor Black demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

## DAVID WHITAKER

## COUNT 87
## VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712

**DAVID WHITAKER V. STREAMIE SECURITY, INC.**

527. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

528. As a direct and proximate result of STREAMIE SECURITY, INC. violations, David Whitaker suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

529. David Whitaker is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

530. WHEREFORE, David Whitaker demands joint and several judgments against STREAMIE SECURITY, INC. including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 88**
**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712**

**DAVID WHITAKER V. SARAH MARCIA JONES**

531. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

532. As a direct and proximate result of SARAH MARCIA JONES violations, David Whitaker suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

533. David Whitaker is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

534. WHEREFORE, David Whitaker demands joint and several judgments against SARAH MARCIA JONES including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available under 18 U.S.C. §

2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 89**
**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712**

**DAVID WHITAKER V. MON ETHOS PRO SUPPORT, LLC**

535. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

536. As a direct and proximate result of MON ETHOS PRO SUPPORT, LLC violations, David Whitaker suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

537. David Whitaker is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

538. WHEREFORE, David Whitaker demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 90**
**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712**

**DAVID WHITAKER V. SYMPHONIC SYSTEMS, INC.**

539. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

540. As a direct and proximate result of SYMPHONIC SYSTEMS, INC. violations, David Whitaker suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

541. David Whitaker is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

542. WHEREFORE, David Whitaker demands joint and several judgments against SYMPHONIC SYSTEMS, INC., including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

## COUNT 91
## VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712

**DAVID WHITAKER V. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

543. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

544. As a direct and proximate result of SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) violations, David Whitaker suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

545. David Whitaker is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

546. WHEREFORE, David Whitaker demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Taylor Black is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**MAXWELL LIGHT ROBINS**

**DAVID WHITAKER**

**COUNT 92**
**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712**

**MAXWELL LIGHT ROBINS V. STREAMIE SECURITY, INC.**

547. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

548. As a direct and proximate result of STREAMIE SECURITY, INC. violations, Maxwell Light Robins suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

549. Maxwell Light Robins is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

550. WHEREFORE, Maxwell Light Robins demands joint and several judgments against STREAMIE SECURITY, INC. including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Maxwell Light Robins is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 93**
**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712**

**MAXWELL LIGHT ROBINS V. SARAH MARCIA JONES**

551. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

552. As a direct and proximate result of SARAH MARCIA JONES violations, Maxwell Light Robins suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

553. Maxwell Light Robins is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

554. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SARAH MARCIA JONES including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Maxwell Light Robins is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 94**
**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712**

**MAXWELL LIGHT ROBINS V. MON ETHOS PRO SUPPORT, LLC**

555. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

556. As a direct and proximate result of MON ETHOS PRO SUPPORT, LLC violations, Maxwell Light Robins suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

557. Maxwell Light Robins is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

558. WHEREFORE, Maxwell Light Robins demands joint and several judgments against MON ETHOS PRO SUPPORT, LLC including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Maxwell Light Robins is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 95**
**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712**

**MAXWELL LIGHT ROBINS V. SYMPHONIC SYSTEMS, INC.**

559. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

560. As a direct and proximate result of SYMPHONIC SYSTEMS, INC. violations, Maxwell Light Robins suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

561. Maxwell Light Robins is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

562. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SYMPHONIC SYSTEMS, INC. including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Maxwell Light Robins is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**COUNT 96**
**VIOLATION OF THE STORED COMMUNICATIONS ACT, 18 U.S.C. §§ 2701–2712**

**MAXWELL LIGHT ROBINS V. SYMPHONIC, INC. (U.S. VIRGIN ISLANDS)**

563. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

564. As a direct and proximate result of SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) violations, Maxwell Light Robins suffered damages and incurred losses, including costs associated with investigating the scope of unauthorized access, assessing compromised data, replacing and reconfiguring systems, and mitigating ongoing security risks.

565. Maxwell Light Robins is entitled to relief under 18 U.S.C. § 2707, including actual damages, statutory damages, punitive damages for willful conduct, injunctive relief, costs, and reasonable attorneys' fees.

566. WHEREFORE, Maxwell Light Robins demands joint and several judgments against SYMPHONIC, INC. (U.S. VIRGIN ISLANDS) including economic and non-economic

damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief. Additionally, Maxwell Light Robins is entitled to all relief available under 18 U.S.C. § 2520, including actual damages, statutory damages, punitive damages, injunctive relief, costs, and reasonable attorneys' fees.

All other relief deemed fair and just.

**H. COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030** – 3 Plaintiffs. 5 Defendants. 1 Count consolidated.

**COUNT 97**

**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030**
**ALL PLAINTIFFS V. ALL DEFENDANTS**

567. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

568. Defendants Streamie Security, Mon Ethos Pro Support, Sarah Marcia Jones (and Curtis Jones), Symphonic Security and Symphonic U.S. Virgin Islands (the Defendants) intentionally accessed one or more protected computers without authorization or exceeded authorized access, and thereby obtained information, including camera-derived images and related data, from computers or systems used in or affecting interstate commerce.

569. The possession of login credentials did not confer authorization to access the system during Taylor Black, Maxwell Light Robins, and David Whitaker's (the Plaintiffs) exclusive occupancy. Any prior authorization because of prior possession and occupancy terminated as a matter of law upon exclusive occupancy by the Plaintiffs**.** Any limited access previously permitted for installation or maintenance purposes terminated once Plaintiffs resided in the home and Defendant caused the physical removal of the server. Defendant thereafter

intentionally accessed the camera system using previously issued credentials without authorization and beyond any permitted scope.

570. Defendants' intentional and unauthorized access caused "loss" and "damage" within the meaning of 18 U.S.C. § 1030(e)(11), including costs of responding to the offense, conducting forensic and damage assessments, including system audits, review of compromised data, replacement of monitoring systems, remediation undertaken to secure Plaintiffs' private-home environment, investigating the scope and duration of unauthorized access, restoring and reconfiguring systems, replacing compromised equipment, and mitigating ongoing security risks. Plaintiffs have invested in excess of 200 hours of intellectual and physical labor into cameras and the violations. These losses were incurred during a one-year period and aggregate in excess of $5,000, thereby satisfying the requirements of 18 U.S.C. § 1030(c)(4)(A)(i).

567. Plaintiffs seek compensatory damages and appropriate equitable relief under 18 U.S.C. § 1030(g).

568. WHEREFORE, the Plaintiffs demand joint and several judgments against Streamie Security, Mon Ethos Pro Support, Sarah Marcia Jones, Symphonics Security, and Symphonics U.S. Virgin Islands including economic and non-economic damages, punitive damages, and compensatory damages in an amount deemed suitable by this Court or a jury and, where suitable, equitable relief.

All other relief deemed fair and just.

**I. Civil Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c), 1964(c).** 3 Plaintiffs. 5 Defendants. 1 Count consolidated.

**COUNT 98**

**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030**
**ALL PLAINTIFFS V. ALL DEFENDANTS**

569. Plaintiffs reallege and incorporate by reference all paragraphs of this Complaint as if more fully set forth herein.

570. Defendants Curtis A. Jones, Sarah Marcia Jones, Streamie Security, Symphonic Systems, Inc., Symphonic, Inc. (U.S. Virgin Islands), and Mon Ethos Pro Support, LLC, together with others, formed an association-in-fact enterprise within the meaning of 18 U.S.C. § 1961(4).

571. The Enterprise had a common purpose of operating and promoting Streamie-branded surveillance services, relationships through shared control of software platforms, credentials, and publication channels, and longevity from at least April 2024 through November 2025.

572. Defendants conducted or participated in the conduct of the Enterprise's affairs through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

573. From at least April 16, 2024 through November 2025, Defendants committed multiple acts indictable under the Federal Wiretap Act, 18 U.S.C. § 2511, which constitute racketeering activity under 18 U.S.C. § 1961(1).

574. Defendants knowingly and intentionally intercepted contemporaneous video transmissions from interior and exterior cameras located within Plaintiffs' private residence, without Plaintiffs' knowledge or consent, in violation of 18 U.S.C. § 2511(1)(a).

575. Defendants knowingly and intentionally used and disclosed the contents of those unlawfully intercepted communications by publishing images and footage in Streamie application listings and marketing materials, in violation of 18 U.S.C. § 2511(1)(c) and (d).

576. The racketeering acts were related and constituted closed-ended continuity, occurring repeatedly over a substantial period.

577. The activities of the Enterprise affected interstate commerce, including through internet transmissions and nationwide marketing of a mobile application.

578. As a direct and proximate result of Defendants' RICO violations, Plaintiffs were injured in their business or property, including costs incurred to investigate, remediate, and replace compromised surveillance systems.

579. Plaintiffs demand relief under 18 U.S.C. § 1964, including treble damages, injunctive relief, costs, and attorneys' fees.

## VI. PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in Plaintiffs' favor and against Defendants and award the following relief:

1. Compensatory damages, including economic and non-economic damages.
2. Reasonable costs and expenses of this action, and reasonable attorneys' fees to the extent allowed by contract or applicable law.
3. Pre-judgment and post-judgment interest as allowed by law.
4. Declaratory relief and permanent injunctive relief, after notice and hearing, including takedown or removal of Residence derived images to the extent within Defendants' custody or control, preservation of evidence, credential lockdown and de-provisioning, and an order prohibiting further access, interference, publication, dissemination, deletion, overwrite, or movement of evidence pending discovery and final resolution.
5. Such other and further relief as the Court deems just and proper.

**VII. DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted this __30__ day of ___September_______, 2026.

**CARLTON LAW, LLC**
Local Counsel for Plaintiffs

s/ Matthew W. Carlton
Matthew W. Carlton
Georgia Bar No. [BAR NO.]
Carlton Law, LLC
125 Clairemont Avenue, Suite 470
Decatur, Georgia 30030
Telephone: 404-458-4084
Facsimile: 678-909-4227
Email: [EMAIL]